UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEPHEN H. ROSENBERG, : | |
| : | |
| Plaintiff, : | Civil No. 11-4150 (RBK) |
| : | |
| v. : | |
| : | |
| UNITED STATES GOVERNMENT, : | **MEMORANDUM AND ORDER** |
| et al., : | |
| : | |
| Defendants. : | |

IT APPEARING THAT:

1. On July 20, 2011, the Clerk docketed the instant Complaint (docket entry no. 1), which was not accompanied by an application to proceed in forma pauperis ("IFP") or the $350.00 filing fee.

2. This Court issued an Order, dated July 28, 2011 (docket entry no. 2), to administratively terminate the matter, but allowing Plaintiff leave to reopen if he submits a completed IFP application or pays the filing fee.

3. On August 23, 2011, the Clerk of the Court received an IFP application from Plaintiff (docket entry no. 3). That application was incomplete in that it failed to include a six-month account statement certified by the appropriate official of the facility at which he is incarcerated as required by 28 U.S.C. § 1915(a)(2). Plaintiff alleged that he had not received a response from institutional officials

1

    regarding a certified prison trust fund account.  Plaintiff was instructed that to the extent Plaintiff asserts that prison officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Plaintiff's request for a certified account statement and the prison officials' refusal to comply, including the dates of such events and the names of the individuals involved.

4. This Court issued an Order, dated September 13, 2011 (docket entry no. 4), to administratively terminate the matter, but allowing Plaintiff leave to reopen if he submits a completed IFP application or pays the filing fee.

5. On October 4, 2011, the Clerk of the Court received a letter from Plaintiff (docket entry no. 5) in response to the September 13, 2011 Order.  While Plaintiff did include an "Inmate Inquiry" printout which provides certain account information, the document was insufficient to comply with the requirements of 28 U.S.C. § 1915(a)(2) in that Plaintiff again failed to include a six-month account statement certified by the appropriate official of the facility at which he is incarcerated as required by 28 U.S.C. § 1915(a)(2).  Plaintiff did not include an affidavit detailing the circumstances of any request for a certified account statement and the prison officials' refusal to

      comply, including the dates of such events and the names of the individuals involved.

6. Plaintiff was instructed that in order to be considered for *in forma pauperis* status, he must submit both a completed application and a six-month certified account statement.

7. Plaintiff's Application to proceed *in forma pauperis* was again denied (docket entry no. 6) on March 2, 2012 and the matter was administratively terminated.

8. On April 3, 2012, the Court received a letter from Plaintiff (docket entry no. 7) in which he states, among other things, that prison officials have not provided him with the necessary documents. Yet Plaintiff has, as of this date, not yet submitted documentation supporting his assertions regarding the actions of the prison officials and their alleged denial to provide him with the necessary documents.

9. Plaintiff's Application to proceed *in forma pauperis* remains deficient and will be denied.

    IT IS THEREFORE on this  18th  day of   June  , 2012,

    ORDERED that the Clerk shall reopen this matter by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

    ORDERED that Plaintiff's Application to proceed *in forma pauperis* is DENIED; and it is further

ORDERED that the Clerk of the Court shall supply to Plaintiff a blank form Application, for use by a prisoner, to Proceed In Forma Pauperis in a Civil Rights Case; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the Complaint or assessing a filing fee; and it is further

ORDERED that if Plaintiff wishes to reopen this action, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building and U.S. Courthouse, Fourth and Cooper Streets, Camden, New Jersey, 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete in forma pauperis application, including an affidavit of indigence and six-month prison account statement, certified by the appropriate official of each prison at which the prisoner is or was confined, or (2) the $350 filing fee; and it is further

ORDERED that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED".

                                                s/Robert B. Kugler
                                                Robert B. Kugler
                                                United States District Judge